

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
COSTA MESA, CA

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302/652 4100
FACSIMILE: 302/652 4400


LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE:** 310/277 6910
FACSIMILE: 310/201 0760


SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE:** 415/263 7000
FACSIMILE: 415/263 7010


NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212/561 7700
FACSIMILE: 212/561 7777


COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE:** 714/384 4750
FACSIMILE: 714/384 4751


WEB: www.pszjlaw.com

Laura Davis Jones  October 27, 2021  ljones@pszjlaw.com
302.778.6401

## **VIA CM/ECF AND HAND DELIVERY**

The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, Delaware 19801-3555

**Re: Youngman, et al. v. Yucaipa American Alliance Fund I, L.P. et al. (Civil Action No. 21-cv-1060)**

Dear Chief Judge Connolly:

Our firm together with Glaser Weil represents Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.S (collectively, "Yucaipa") in the Bankruptcy Rule 9033 submission as to Adversary Proceeding No. 14-50971 (CSS) (Civil Action No. 21-cv-1060) (the "Rule 9033 Proceeding"). In connection therewith, we request that the Court consider the validity of the two prior rulings of the Bankruptcy Court detailed below that adversely affected Yucaipa's ability to assert viable defenses against the claims at issue in the Rule 9033 Proceeding.

Specifically, the Rule 9033 Proceeding relates to the Bankruptcy Court's entry of an order directing entry of summary judgment in favor of Plaintiff and against Yucaipa on a Claim for Relief for

DOCS_LA:340179.4 96991/001



October 27, 2021
Page 2

Breach of Contract ("Lender Claim 2").[1]  Other Lender Claims remain to be litigated.[2]

Concurrently, Yucaipa has filed appeals pending before this Court as to a partial summary judgment entered by the Bankruptcy Court in favor of the Trustee and against Yucaipa for breach of the same contract ("Estate Claim 5") based on the same underlying facts in a related adversary proceeding (Adversary No. 13-50530 (CSS)) (the "Estate Claims").[3]

With respect to this Rule 9033 Proceeding, Yucaipa filed its *Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.'s Objections to the Bankruptcy Court's May 4, 2021 Summary Judgment Opinion and Order [Federal Rule of Bankruptcy Procedure 9033]* [Adv. Dkt. No. 566] (the "9033 Objection"), objecting, in relevant part, to the Bankruptcy Court's proposed findings of fact and conclusions of law and recommendation, styled as an Opinion [Adv. Dkt. No. 563] and Order [Adv. Dkt. No. 564] granting summary judgment as to Lender Claim 2 in favor of the Trustee and against Yucaipa.

In connection with this Court's *de novo* review of the Bankruptcy Court's findings of fact and conclusions of law as to Lender Claim 2, we wish to emphasize two distinct interlocutory orders (the "Prior Interlocutory Orders") which operated to wrongfully preclude Yucaipa from raising substantial affirmative defenses in opposition to the Plaintiff's motion for summary judgment on Lender Claim 2

---

[1] Prior to Litigation Trustee Catherine E. Youngman (the "Trustee") becoming Plaintiff as to the Lender Claims, as successor in interest, the original Plaintiffs in Adversary Proceeding No. 14-50971 asserting the Lender Claims were lenders BDCM Opportunity Fund II, LP and Black Diamond CLO 2005-1 Ltd. (collectively "Black Diamond") and Spectrum Commercial Finance LLC ("Spectrum," and collectively with Black Diamond the "Lenders").

[2] Lender Claim 1 for Equitable Subordination and Lender Claim 3 for Breach of the Duty of Good Faith and Fair Dealing are reserved for trial, which is presently scheduled for February 7, 2022.

[3] In the appeals (Civil Action Nos. 21-cv-944 and 21-cv-995), Yucaipa also challenges the partial summary judgments entered against it on Estate Claims 10 and 11 for Avoidance of Fraudulent Transfers and Estate Claim 13 for Disallowance of Claim. Remaining Estate Claims 1 and 2 for Equitable Subordination and Estate Claim 7 for Breach of Fiduciary Duty are also set for trial on February 7, 2022.



and were, therefore, neither part of the summary judgment briefing nor the Opinion and Order subject to the Rule 9033 Proceeding.[4]

Those Prior Interlocutory Orders can be summarized as follows:

1.　Order Dismissing Counterclaim

On March 18, 2015, the Lenders filed a Motion to Dismiss Yucaipa's Counterclaim for Equitable Subordination filed as against the Lenders [Adv. Dkt. No. 41]. Following briefing and argument, on August 21, 2015, the Bankruptcy Court issued an Opinion and Order Granting Plaintiff's Motion to Dismiss Yucaipa's Counterclaim for Equitable Subordination [Adv. Dkt. Nos. 82, 83].

Within fourteen (14) days after entry of that Opinion and Order, Yucaipa filed a Notice of Interlocutory Appeal and related Motion for Leave to Appeal [Adv. Dkt. Nos. 89, 90]. On November 16, 2015, the District Court denied the Motion for Leave to Appeal (as well as a then pending motion to withdraw the reference). A listing of the pleadings and orders relating to this interlocutory order included in the 9033 Transmittal are set forth in **Appendix A** hereto.

Yucaipa contends that its Counterclaim [Adv. Dkt. No. 33] and Yucaipa's opposition to the Lenders' motion to dismiss same [Adv. Dkt. No. 56], set forth substantial facts detailing egregious inequitable conduct entitling it to relief—and which also form the basis for several of Yucaipa's affirmative defenses to Lender Claim 2. At the least, these facts presented triable issues of fact that could have been asserted in defense to the partial summary judgment motion absent a prior order by the Bankruptcy Court prohibiting that. Accordingly, the propriety of the Bankruptcy Court's August 21, 2015 ruling—which also formed the basis for the Court's dismissal of Yucaipa's affirmative defenses, as discussed in the

---

[4] In its *Notice of Completion of Briefing in Bankruptcy Court and Request for Transmittal to the District Court for the District of Delaware* [Adv. Dkt. No.600]; Civil Action No. 21-cv-1060 [Dkt. No. 1(7)] (the "9033 Transmittal"), Yucaipa requested, pursuant to Federal Rule of Bankruptcy Procedure 9033(b), that the clerk of the Bankruptcy Court prepare and transmit to the District Court a transcription of the record in the adversary proceeding containing pleadings and orders relating to those two Prior Interlocutory Orders.



following paragraph—necessarily bears on the Court's *de novo* review of the Bankruptcy Court's order granting summary judgment in favor of the Trustee on Lender Claim 2. It should, therefore, be considered in connection with the Rule 9033 Proceeding.

2.  Interlocutory Order Striking Yucaipa's Affirmative Defenses

Thereafter, in the context of a discovery dispute, the Trustee, as successor-in-interest to the Lenders, moved the Bankruptcy Court to strike certain affirmative defenses asserted by Yucaipa against the Lenders' Claims, including the affirmative defenses of unclean hands, waiver, estoppel, consent, and laches. The motion to strike was in large part based on the interlocutory order granting the motion to dismiss the Counterclaim. After briefing, and without announcing the basis for its decision, on January 18, 2017, the Bankruptcy Court entered an order granting the Motion to Strike Certain Affirmative Defenses [Adv. Dkt. No. 194].

Again, within fourteen (14) days after the entry of that Order, Yucaipa filed a Notice of Interlocutory Appeal and Motion for Leave to Appeal [Adv. Dkt. Nos. 196, 197]. On June 27, 2017, the District Court issued its Memorandum Order denying Yucaipa leave to appeal that interlocutory order. A listing of the pleadings and orders relating to this interlocutory order included in the 9033 Transmittal are set forth in **Appendix B** hereto.

The Bankruptcy Court's striking of the aforementioned affirmative defenses, which at the very least presented triable issues of material fact, unfairly deprived Yucaipa of the opportunity to present testimony of the relevant witnesses and conduct cross-examination in a setting where the Bankruptcy Court would have the opportunity to gauge witness credibility and potentially find in Yucaipa's favor. The propriety of the Bankruptcy Court's order eliminating affirmative defenses to, among other claims, Lender Claim 2 is central to the Court's de novo review of whether the Trustee is entitled to summary judgment on that claim.

Because Yucaipa was precluded from addressing the Prior Interlocutory Orders in the context of the summary judgment proceeding, those orders were also not addressed in the Opinion or Order granting summary judgment in favor of the Trustee on Lender



Claim 2. The Prior Interlocutory Orders should nonetheless be considered by this Court when reviewing *de novo* the Bankruptcy Court's proposed findings of fact and conclusions of law and recommendation, as they would be considered if the Bankruptcy Court had jurisdiction to enter a final judgment and such interlocutory orders had merged into that judgment on appeal.

We thank the Court in advance for your attention to this matter.

Respectfully submitted,

*/s/ Laura Davis Jones*

Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP

*Counsel for Yucaipa*